## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

IN RE:   **GUY V. LARIVIERE**            )
                                         )        Chapter 13 Case No.   **15-10249**
                                         )
                    Debtor(s)            )

*Filed & Entered
On Docket
October 6, 2015*

APPEARANCES:
The attorney for the debtor,            Rebecca Rice, Esq.
The Chapter 13 Trustee, Jan M. Sensenich
Other appearances:

## FINDINGS AND ORDER CONFIRMING CHAPTER 13 PLAN

A hearing on confirmation of the debtor's* Chapter 13 Plan dated       **August 27, 2015**        was held on **August 28, 2015.**

As a result of the evidence presented at the hearing and after consideration of the Chapter 13 Plan, the Chapter 13 Trustee's Report and any objections to the Plan, the Court finds that:

(i) The Plan complies with the provisions of Chapter 13 of the Bankruptcy Code and all other applicable provisions of the Bankruptcy Code.

(ii) All fees, charges or amounts required to be paid before confirmation of the Plan or by the provisions of Title 28, United States Code, have been paid.

(iii) The Plan has been proposed in good faith and not by any means forbidden by law.

(iv) As of the effective date of the Plan, the value of property to be distributed under the Plan for each allowed unsecured claim is not less than the amount that would be paid on such claim on this date if the estate of the debtor were liquidated under Chapter 7 of the Bankruptcy Code.

(v) With respect to each allowed secured claim provided for in the Plan, the treatment complies with § 1325(a)(5).

(vi) The debtor will be able to make all plan payments and to comply with the Plan.

(vii) The debtor's filing of this case was in good faith.

(viii) The debtor is current on all domestic support obligations.

(ix) The debtor has filed all applicable required tax returns.

(x) The Plan has been transmitted to all parties in interest and the notice of the confirmation hearing required by Bankruptcy Rules 2002 and 3015 has been given.

(xi) The debtor has appeared at all required meetings and hearings and is in compliance with all court orders issued in this case.

(xii) Any filed objections to the plan not specifically addressed herein are hereby overruled.

(xiii) Debtor's attorney's fees proposed in the Plan and set forth below are found to be reasonable and are hereby approved and allowed.

   * In a joint case, the term "debtor" shall refer to both debtors.

(xiv) [ X ]  The debtor is in full compliance with 11 U.S.C. § 521(a)(1).

    [   ]  The Court has granted the debtor an extension to _____ to file missing items, which are:

    [   ]  The debtor is not yet in full compliance with 11 U.S.C § 521(a)(1) however, the debtor has, within forty five (45) days from the date of the filing of the petition in this case, made a request for extension of the time to comply with § 521(a)(1) and that request is hereby GRANTED.  The debtor shall have until _____ to file the missing items, which are:_____.


## ACCORDINGLY, IT IS ORDERED THAT:

1  **The Plan dated    August 27, 2015        is confirmed.**

2  The debtor shall pay monthly, to the Chapter 13 Trustee, by bank check, certified check, money order, electronic funds transfer or wage deduction,                    **$ 1,566.00**  for         **60**              months until   **$     93,960.00**  has been paid to the Chapter 13 Trustee.

3  The monthly payment shall be made by:

    [   ]          The Debtor's employer,                                              by withholding funds from each of the debtor(s) paychecks and sending the funds, with the debtor's name and case no. (            15-10249          ), addressed to:

                        Jan M. Sensenich, Chapter 13 Trustee
                        P.O. Box 39
                        Memphis, TN  38101-0039

    [ X ]          Automatic deductions from the debtor's bank account.

4  If the debtor is making automatic deductions from a bank account, and the debtor defaults on or fails to remain current on any plan payment, the Chapter 13 Trustee may submit a proposed payroll deduction order on notice to the debtor and the debtor's attorney, and if the debtor fails to object to the order within ten (10) days of service of the order, the Court may sign the order without a hearing.

5  The debtor is enjoined from incurring any particular debts in excess of $500.00, other than for a medical emergency, or selling any asset having a value of greater than $2500, without the prior written consent of the Chapter 13 Trustee or an order of this court.

6  Unless waived by the Chapter 13 Trustee in writing, the debtor shall immediately report to the Chapter 13 Trustee any actual or projected increase in gross annual income of 10% or more above the gross income projected by the debtor in the most recently filed Schedule I.  Except for those amounts listed in the schedules, the debtor shall report immediately to the Chapter 13 Trustee any right of the debtor or debtor's spouse to a distribution of funds (other than regular monthly income) or other property which exceeds a value of $2,500.  This includes the right to disbursement from any source, including, but not limited to bonuses and inheritances.  Any such funds to which the debtor become entitled shall be held by the debtor and not used without the Chapter 13 Trustee's permission, or, if such permission is not obtained, an order of the Bankruptcy Court.  The debtor shall not buy, sell, use, lease (other than a lease of real property in which the debtor will reside) encumber or otherwise dispose of any interest in
    (a)              real property, or
    (b)              personal property with a value exceeding $10,000,
outside the ordinary course of business, without notice to all creditors and the Chapter 13 Trustee, with an opportunity for hearing (unless such property is acquired through the use of credit and the Chapter 13 Trustee's consent is obtained pursuant to the first sentence of this paragraph).

7 During the life of the plan, the debtor shall timely file all required tax returns, and

[  ]            the Debtor shall provide copies of all tax returns (including any requests for an extension of
               filing deadlines) to the Chapter 13 Trustee within 10 days of filing them with the taxing
               authorities, or

[ X ]          upon request of the Chapter 13 Trustee, at anytime while the case is pending, the debtor
               shall provide copies of all requested tax returns (including requests for an extension of filing)
               to the trustee within ten (10) days of the Chapter 13 Trustee's request.

The Chapter 13 Trustee's request may include an ongoing request to provide copies of future tax returns,
and if so, the debtor shall provide such copies within ten (10) days of filing with the taxing authorities.
The debtor's failure to provide post-petition taxes may constitute cause for conversion to Chapter 7,
or dismissal of the case, under § 1307(c).

8 The debtor shall remain current on all post-petition domestic support obligations and the debtor's
   failure to pay post-petition domestic support obligations may constitute cause for conversion to
   Chapter 7, or dismissal of the case under § 1307(c).

9 The value of the collateral securing debts due to holders of secured claims is fixed at the value
   stated in the Plan unless the secured creditor timely objects thereto and an order is entered fixing
   a different value.

10 The treatment of domestic support claims assigned to others (as described in § 507(a)(1)(B))
   is approved, even though these claims are being paid less than 100%, because the Court finds that
   the debtor is devoting all of the debtor's disposable income to the Plan for five (5) years.

11 Nothing in the Plan or in this order shall be construed to limit the Chapter 13 Trustee's rights in any
   adversary proceeding filed under §§ 544, 545, 547, 548 or 549.

12 If the debtor is operating a business without a tax account, the debtor shall open a separate bank
   account and promptly deposit into it all sums withheld from employees' wages and all employer
   payroll taxes, and shall make no disbursements from such account except to pay tax liabilities
   arising from payment of wages.

13 All payments under the confirmed Plan shall be paid no later than five (5) years after the date the
   first payment was due under § 1326(a)(1).  If all payments are not completed by that date, the case
   may be dismissed.

14 All creditors to which the debtor is surrendering property pursuant to the plan are granted relief
   from the automatic stay so that they may obtain possession and foreclose.

15 Creditors with pre-petition claims that are excepted from the debtor's discharge are enjoined from
   initiating any collection actions against the debtor until this case is closed, dismissed or
   converted to another chapter under title 11, unless the creditor obtains relief from this order.

16 The Chapter 13 Trustee is authorized to commence disbursements immediately, in accordance
   with the Plan.

17 In the event this case is converted to Chapter 7, and the Chapter 13 Trustee possesses  funds
   aggregating more than $2,500 at the time of conversion, the Chapter 13 Trustee shall forward all
   such funds to the debtor, in care of the debtor's attorney, if any, after ten (10) days from the first
   scheduled § 341(a) meeting in the Chapter 7 case, unless, prior to that date, the Chapter 7 trustee
   files and serves a written objection pursuant to § 348(f)(2).  In the event the funds in the Chapter
   13 Trustee's possession at such time aggregate $2,500 or less, or in the event this case is
   dismissed, the Chapter 13 Trustee shall forward all funds in the Chapter 13 Trustee's possession
   to the debtor in care of the debtor's attorney, if any.  Nothing in this paragraph is to be construed
   as a determination of the rights of the parties in such funds.

3

18 In the event that a proof of claim for a priority claim or secured claim to be paid in the Plan is filed in an amount greater than that provided for under the Plan, and after notice of the filed claims, debtor fails to object to the claim or modify the Plan, the term of the Plan, to the extent that it is less than 60 months, shall be deemed to be extended up to 60 months as necessary to pay such claim in full.

19 In the event that a proof of claim for a priority claim or secured claim to be paid in the Plan is filed in an amount less than that provided for under the Plan, the difference between the amount provided for the claim in the Plan and the proof of claim shall be added to the dividend payable to the unsecured creditors.

20 The debtor shall make payments to the Chapter 13 Trustee, and the Chapter 13 Trustee shall make disbursements to creditors under the Plan, summarized as follows:

## PAYMENTS FROM DEBTOR

| | |
|---|---|
| MONTHLY PAYMENTS TO CHAPTER 13 TRUSTEE | $   1,566.00 |
| TERM OF PLAN (MONTHS) | 60 |
| TOTAL PAYMENTS TO CHAPTER 13 TRUSTEE | **$  93,960.00** |

## TOTAL DISBURSEMENTS TO CREDITORS

**PRIORITY CREDITORS**

| | | |
|---|---|---|
| DEBTOR'S ATTORNEY: | Rebecca Rice, Esq. | $   3,370.00 |
| TAXING AUTHORITIES | | |
| | Internal Revenue Service | $   3,299.31 |
| | Vermont Dept. of Taxes | $         - |
| OTHER PRIORITY CLAIMS | | |
| | 0 | $         - |
| **TOTAL PAYMENTS TO PRIORITY CLAIMS** | | **$   6,669.31** |

**SECURED CREDITORS**

| | | |
|---|---|---|
| ARREARS | Wells Fargo Bank (Pre-Petition Arrears) | |
| | Wells Fargo Bank (Admin. Arrears, June & July '15) | $   2,356.62 |
| | Wells Fargo Bank (CMP 60 mos @ $1178.31) | $  70,698.60 |
| **TOTAL PAYMENTS TO SECURED CLAIMS** | | **$  73,055.22** |
| **TOTAL PRIORITY AND SECURED CLAIMS** | | **$  79,724.53** |

**CALCULATION OF DIVIDEND TO UNSECURED CREDITORS**

| | |
|---|---|
| PAYMENTS FROM DEBTOR(S) | $  93,960.00 |
| LESS CHAPTER 13 TRUSTEE'S FEE | $   7,487.45 |
| AVAILABLE TO PAY CREDITORS | $  86,472.55 |
| LESS PRIORITY AND SECURED CLAIMS | $  79,724.53 |
| **AVAILABLE TO PAY UNSECURED CREDITORS** | **$   6,748.02** |
| TOTAL OF SCHEDULED UNSECURED CLAIMS | $   6,748.00 |
| **ANTICIPATED MIN. % DIVIDEND TO UNSECURED** | **100.00%** |

21  The Chapter 13 Trustee shall not perform the duties specified in 11 U.S.C.  § 1302(c) until
    further order of  this Court.  If the debtor is operating a business, as defined in 11 U.S.C. § 1304(a), the
    debtor shall perform the duties as specified in 11 U.S.C. § 704(8) and file with the Chapter
    13 Trustee such periodic reports on the operation of the debtor's business as are required by
    the Chapter 13 Trustee or Court pursuant to 11 U.S.C. § 1304(c).

22  During the term of the Plan, debtor shall timely file all required federal and state tax returns,
    pay all taxes when due, and (if applicable), remain current with all child and spousal support obligations.
    The failure to file all required federal and state tax returns and to pay all taxes when due, as well as
    remain current with all support obligations shall constitute a default under the debtors' Plan.

23  *[ X ] If the box at left is checked, the following provisions also apply:*
    *The debtor has recently filed with a taxing authority (such as a state or federal taxing authority*
    *including but not limited to the Internal Revenue Service or the Vermont Department of Taxes)*
    *a tax return due for a prepetition tax period.  Such taxing authority may amend its claims after*
    *confirmation and the amount of any amended claim shall control the amounts to be paid,*
    *notwithstanding the amounts reflected in the Plan or this Order unless the Trustee or Debtor files*
    *an objection to that amended proof of claim within 90 days of the filing date of the post-confirmation*
    *proof of claim and that objection is sustained. To the extent the allowed claim is higher than the*
    *amount of the claim in the confirmation order, the Debtor shall move to modify the Plan, within 120*
    *days from the date of the filing of the proof of claim, to pay such tax claim in full.*

24  Nothwithstanding any provision in the plan to the contrary, the entry of a confirmation order in this
    case is not sufficient to grant relief that requires the filing of an adversary proceeding pursuant to
    Federal Rule of Bankruptcy Procedure 7001(6).  In particular, the confirmation order neither
    constitutes a finding that excepting a student loan debt from discharge would impose an undue
    hardship on the debtor nor discharges the debtor from any student loan obligation.  See 11 U.S.C. §
    523(a)(8).

25  Special Provisions:


    Dated:__  October 6, 2015        _____


                                                    _Colleen A Brown_
                                                    HON. COLLEEN BROWN
                                                    U.S. BANKRUPTCY JUDGE



                              **SERVICE LIST**


Jan M. Sensenich                 GUY V. LARIVIERE              Joshua B. Lobe, Esq.
Chapter 13 Standing Trustee      906 Wellwood Orchard Road     30 Kimball Avenue, Ste. 306
P.O. Box 1326                    Springfield, VT  05156        South Burlington, VT 05403
Norwich, VT  05055


U.S. Trustee                     Rebecca Rice, Esq.
74 Chapel Street                 26 West Street, Ste. 1
Albany, NY  12207                Rutland, VT 05701


                                    5